UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DOUGLAS GOEBEL                                    CIVIL ACTION

Versus                                            NO.: 11-1335

GUILBEAU MARINE, INC.                             SECTION: "F"

ORDER & REASONS

Before the Court is Guilbeau Marine's motion for summary judgment.  For the reasons that follow, the motion is DENIED.

**Background**

This case arises out of the allegedly retaliatory firing of plaintiff, Douglas Goebel, from his position as a boat captain with Guilbeau Marine.  Plaintiff worked for Guilbeau Marine from late April 2007 to early June 2009, as the captain of the Lorraine G.

Toward the end of his time with Guilbeau Marine, plaintiff became aware of what he thought were violations of maritime safety laws or regulations by Guilbeau and other personnel; they included allegations of illegal dumping of trash and other hazardous substances into the Gulf of Mexico, and that another captain on the boat was using illegal drugs while on and off duty and was under the influence of marijuana while operating the vessel.  Plaintiff wanted to unmask the violations, and devised a plan to do so.  On June 6, 2009, plaintiff asked his wife, Maria, to telephone the Coast Guard in Port Arthur, Texas, and report

1

the suspected illegal activity on plaintiff's behalf.  Maria did so; she also called the Cost Guard the next day to inform them of the ship's location at the time.  Plaintiff intended that by giving the Coast Guard the location of the Lorraine G, the Coast Guard would conduct a surprise boarding of the ship and uncover that the other captain was using drugs.  Things did not go according to plan, however, and instead of being searched by the Coast Guard while at sea, the Lorraine G went ashore, and the crew disembarked.

On June 10 Coast Guard officers visited Guilbeau Marine's office, and spoke with Anthony Guilbeau, the company's owner and operator.  The Coast Guard confronted Guilbeau about the alleged violations, but took no other action.  Plaintiff alleges that his employer became angry with him because of the Coast Guard's visit, blaming him for reporting suspected illegal activity. Plaintiff alleges that Guilbeau Marine did not schedule him for a single day of work after that incident, and that he received evasive answers as to when he might be called back to work again. In September 2009 plaintiff discovered that his health insurance benefits had been cancelled.  He asserts that he was never formally terminated, and also alleges that Guilbeau Marine has been instrumental in keeping him from getting a job with another ship or shipping company.

Goebel sued Guilbeau Marine in this Court on June 6, 2011,

asserting a cause of action under 46 United States Code Section 2114, the Seaman's Protection Act.  Plaintiff alleges that Guilbeau Marine terminated him, and discriminated and retaliated against him because he in good faith made, or was about to make, a report of illegal and unsafe activity.

Guilbeau Marine moves for summary judgment, arguing that (a) plaintiff has failed to exhaust his administrative remedies prior to filing suit, as required by Section 2114, and (b) that his claim is prescribed.

## I. Standard for Summary Judgment

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986).  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment

is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the Court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II. Discussion

Plaintiff sues under the Seaman's Protection Act, 46 United States Code Section 2114, originally passed in 1984. The statute has since been amended twice: first in 2002, and later in 2010. Relevant to this case, Section 2114(a)(1)(A) provides:

> (a) (1) A person may not discharge or in any manner discriminate against a seaman because--
> (A) the seaman in good faith has reported or is about to report to the Coast Guard or other appropriate Federal agency or department that the seaman believes that a violation of a maritime safety law or regulation prescribed

4

> under that law or regulation has
> occurred;

As part of the 2010 amendments, Congress indirectly added the following administrative remedy exhaustion requirement to the statute:

> A seaman alleging discharge or
> discrimination in violation of
> subsection (a) of this section, or
> another person at the seaman's
> request, may file a complaint with
> respect to such allegations in the
> same manner as a complaint may be
> filed under subsection (b) of
> section 31105 of Title 49. Such a
> complaint shall be subject to the
> procedures, requirements and rights
> described in that section,
> including with respect to the right
> to file an objection, the right of
> a person to file for a petition for
> review under subsection (c) of that
> section, and the requirement to
> bring a civil action under the
> subsection (d) of that section.

Section 31105 of Title 49 adopts an administrative process:

> (b) Filing Complaints and
> Procedures.—
> (1) An employee alleging discharge,
> discipline, or discrimination in
> violation of subsection (a) of this
> section, or another person at the
> employee's request, may file a
> complaint with the Secretary of
> Labor not later than 180 days after
> the alleged violation occurred. All
> complaints initiated under this
> section shall be governed by the
> legal burdens of proof set forth in
> section 42121 (b). On receiving the
> complaint, the Secretary of Labor

5

shall notify, in writing, the person alleged to have committed the violation of the filing of the complaint.

(c) De Novo Review.— With respect to a complaint under paragraph (1), [1] if the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint and if the delay is not due to the bad faith of the employee, the employee may bring an original action at law or equity for de novo review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy, and which action shall, at the request of either party to such action, be tried by the court with a jury.

(d) Judicial Review and Venue.— A person adversely affected by an order issued after a hearing under subsection (b) of this section may file a petition for review, not later than 60 days after the order is issued, in the court of appeals of the United States for the circuit in which the violation occurred or the person resided on the date of the violation. Review shall conform to chapter 7 of title 5. The review shall be heard and decided expeditiously. An order of the Secretary of Labor subject to review under this subsection is not subject to judicial review in a criminal or other civil proceeding.

(e) Civil Actions to Enforce.— If a person fails to comply with an order issued under subsection (b) of this section, the Secretary of Labor shall bring a civil action to enforce the order in the district

> court of the United States for the
> judicial district in which the
> violation occurred.

Section 2114 also contains the following advisory note, related to the 2010 amendment of the statute:

> Existing Actions. This section
> shall not affect the application of
> Section 2114(b) of Title 46, United
> States Code, as in effect before
> the date of enactment of this Act,
> to an action filed under that
> section before that date.

That amendment became effective October 15, 2010.

### A. <u>Exhaustion of Administrative Remedies</u>

Plaintiff argues that he did not have to first exhaust the administrative process adopted by the 2010 amendments to the Seaman's Protection Act because the defendant's conduct that gave rise to his cause of action occurred prior to the passage of the amendments, October 15, 2010. Requiring plaintiff to exhaust his administrative remedies, it is argued, would amount to the statute being impermissibly retroactive. The Court agrees.

The United States Supreme Court decision in <u>Landgraf v. USI Film Products</u>, 511 U.S. 244 (1994), provides the framework for determining whether a statute applies retroactively. Under <u>Landgraf</u>, the Court must determine "whether Congress has expressly prescribed the statute's proper reach." <u>Id.</u> at 280. If Congress has made it clear that the statute is to apply

retroactively, then there is no need for further inquiry. But the Supreme Court went on to explain:

> When, however, the statute contains no such express command, the court must determine whether the new statute would have retroactive effect, *i.e.*, whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result.

The Supreme Court further explained that whether a statute had retroactive effect under <u>Landgraf</u> "should be informed and guided by 'familiar considerations of fair notice, reasonable reliance, and settled expectations.'" <u>INS v. St. Cyr</u>, 533 U.S. 289, 321 (2001) (internal citation omitted).

Under the first step of the <u>Landgraf</u> analysis, there is no indication in the statute that Congress intended for the 2010 amendments to the Seaman's Protection Act to apply retroactively. The text is clueless. To the contrary, the advisory note to the 2010 amendments (limiting the new provisions to cases filed after the effective date) guides the conclusion that Congress did not mean for the amendments to be retroactive.

The Court also finds under <u>Landgraf</u>'s second step that applying the 2010 amendments to this case would cause those

8

provisions to have an impermissibly retroactive effect and limit the plaintiff's rights in this case.

By imposing a 180 day window for filing a complaint with the Secretary of Labor, the amendments impose new duties on the plaintiff with respect "to transactions already completed." Landgraf, 511 U.S. at 280. According to the timeline of this case, and according to plaintiff's grievances, Guilbeau Marine began to discriminate and retaliate against him in June 2009. Plaintiff could not have known of some administrative exhaustion requirement because the 2010 amendments were not passed until mid-October 2010. Consequently, there simply would have been no way for plaintiff to comply with the deadline, and thereby preserve his rights.

The Court is guided in its decision by the Sixth Circuit's helpful opinion in Bibbs v. Zummer, No. 97-2112, 1999 U.S. App. LEXIS 1199 (6th Cir. 1999), which considered whether the administrative exhaustion requirements for bringing a Section 1983 claim imposed by the Prisoners Litigation Reform Act applied to the plaintiff.[1] In Bibbs, the plaintiff had filed his Section 1983 claim after the enactment of the Reform Act (and the administrative exhaustion requirements), but "when the opportunity to exhaust administrative remedies for the events that gave rise to the action had expired before [the PLRA's]

---

[1] The Court has found no Fifth Circuit precedent.

enactment." Id. at *4. The court reasoned that "Bibbs could not have been expected to foresee the imposition of an exhaustion requirement with which to conform. He was already time-barred from exhausting any potential administrative remedies at the time of the enactment of the PLRA." Id. The Sixth Circuit held that "applying the exhaustion requirement would have an impermissible retroactive effect under Landgraf, as to do so would effectively extinguish his claim." Id. at 7. The same impermissible result would intrude upon plaintiff's rights if the Court applied the 2010 amendments as Guilbeau submits.

### B. Prescription

The Seaman's Protection Act, as it existed prior to the 2010 amendments, did not contain a specific statute of limitations.[2] For causes of action that do not have a specified statute of limitations, 28 United States Code Section 1658(a) provides that:

> Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than four years after the cause of actions accrues.

---

[2] Following the 2010 amendments, a plaintiff now has 180 days to file his complaint with the Secretary of Labor under the amendments' exhaustion of administrative remedies requirement. As the Court has found the 2010 amendments do not apply to plaintiff's case, the 180 day statute of limitations is inapplicable to the prescription question.

Section 1658(a) became law in 1990. Thus, the first version of the Seaman's Protection Act, passed in 1984, did not fall within Section 1658(a)'s ambit. The United States Supreme Court, however, has held that amendments to pre-existing statutes that have the substantive effect of creating new rights of action and corresponding liabilities are considered a new act of Congress for purposes of Section 1658(a). Jones v. R.R. Donnelley & Sons, Co., 541 U.S. 369, 381 (2004).[3]

The 2002 amendments to the Act changed the types of violation reports that would be protected under the statute. Previously, only reports of violations under 46 United States Code, Subtitle II were protected.[4] After the 2002 amendments, however, broader reports of "a maritime safety law or regulation

---

[3] The plaintiff cites Young v. Martin Marietta Corp., 701 F. Supp. 567 (E.D. La. 1988) for the proposition that where Congress has not established a statute of limitations for a federal cause of action, courts should adopt the local time limitation, so long as it is not inconsistent with federal law, or federal policy to do so. Young was decided in 1988, before Section 1658(a) was adopted. In any event, such an argument doesn't seem to help plaintiff. And neither side has made any serious argument about when state time-bar periods may be imported into federal law.

[4] Prior to the 2002 amendment, Section 2114 read:
> (a) An owner, charterer, managing operator, agent, master, or individual in charge of a vessel may not discharge or in any manner discriminate against a seaman because the seaman in good faith has reported or is about to report to the Coast Guard that the seaman believes that a violation of this subtitle, or a regulation issued under this subtitle, has occurred.

11

prescribed under the law" became protected. 46 United States Code Section 2114(a)(1)(A). Significantly for plaintiff, he would not have enjoyed protection for reporting dumping of trash and other hazardous substances into the Gulf of Mexico prior to 2002, because that violation did not fall within the category of reported violations that the Seaman's Protection Act would shield.[5] Thus, the 2002 amendments created new protections specifically applicable to plaintiff's situation, which he would not have enjoyed before. This change had the substantive effect of creating a new right of action and corresponding liabilities for purposes of the Section 1658(a) analysis under Jones. The 2002 amendments, therefore, brought Section 2114 within the scope of Section 1658(a) and assigned a four year statute of limitations to actions brought pursuant to the Act. As the 2010 amendments do not apply to plaintiff's case, he thus had four years within which to bring his claim. Plaintiff charges that Guilbeau's retaliation began in June 2009. He timely filed his complaint in June 2010.

Accordingly, IT IS ORDERED: the defendant's motion for summary judgment is DENIED.

---

[5] Dumping of trash violates 33 United States Code Section 407. Prior to the 2002 amendments, that statute did not fall within the umbrella of protected violation reports.

New Orleans, Louisiana, March 8, 2012.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE